*tant District Attorney,* for appellee.

A95A0440. STATE OF GEORGIA v. LEDFORD.
(456 SE2d 757)

BEASLEY, Chief Judge.

Pursuant to OCGA § 16-13-49 (d) (2), the State filed a complaint for forfeiture of a 1992 Jeep Cherokee. It alleged that Lewis had sold a quantity of marijuana to a confidential informant, that the sale took place at a certain residence, and that the subject vehicle was used by his sister Ledford to transport Lewis and the marijuana to the residence. Criminal charges against Ledford were not pursued.

The referenced statute declares to be contraband "[a]ll property which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article or any proceeds derived or realized therefrom."

Ledford, who is the legal owner of the vehicle, asserted in an amended answer that her property interest is not subject to forfeiture. In reliance on OCGA § 16-13-49 (e) (1), she stated that she "[i]s not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur."

At the bench trial, Ledford testified that her brother had asked her to take him to pick up money that someone owed him so he could repay her for money he owed her. She further testified that she did not have any knowledge of, nor was she involved in, her brother's illegal drug activities. The State argued that the evidence showed she either knew or reasonably should have known of the drug sale. The court found in favor of Ledford, stating that it was convinced that Lewis had by subterfuge induced Ledford into transporting him to the residence where he sold the marijuana, and that the evidence was not sufficient to impute knowledge of her brother's drug activities to her.

The State complains that the court cast upon it the burden of establishing that Ledford had knowledge of the drug sale, whereas the burden was upon Ledford to establish that she did not have such knowledge. OCGA §§ 16-13-49 (e) (1) and 16-13-50 (a) set the burdens as to the "innocent owner" claim. Although defense counsel argued at first that "the State must prove that [Ledford] had the mental state coinciding with the act and that she knew and was involved in the transaction," she corrected this by later reading to the court OCGA § 16-13-49 (e) (1) and (2). This stated precisely what the claimant must establish. See *State of Ga. v. Banks,* 215 Ga. App. 828, 832 (2) (452 SE2d 533) (1994). The reference to the statute was re-

peated by the State, although at one point the State agreed that it had "the burden of showing by a preponderance." It undoubtedly meant this with respect to a prima facie case.

A review of the entire transcript demonstrates that the court found in favor of Ledford because it considered as credible her testimony that she did not have such knowledge, which was her burden to establish, and not because it erroneously placed the burden of proof on this issue. The court did not find that the State's objective evidence and inferences deducible therefrom preponderated on this largely subjective issue but rather that Ledford's did. "Upon appellate review, factual findings made after a bench trial 'shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' [Cit.]" *Banks*, supra at 832. The court's finding is not clearly erroneous and it appears that the court applied the correct principles regarding the burden of proof.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 10, 1995.

*Edward D. Lukemire, District Attorney, Michael J. Moore, Assistant District Attorney,* for appellant.

*Lucas & Graham, Kenneth E. Lucas,* for appellee.

