A95A0917. GILBERT CORPORATION OF DELAWARE, INC. et al. v. YETMAN et al.
(464 SE2d 822)

POPE, Presiding Judge.

The Department of Transportation hired defendant contractors to do roadwork on a major highway running through downtown At-

lanta. A man died as the result of injuries sustained in a single-car accident at defendants' work site, and plaintiffs are the decedent's wife and the administrator of his estate. Defendants appeal from a judgment based on a jury verdict of $1,930,433 for plaintiffs. Although they assert twenty different enumerations of error, only three warrant discussion. Concluding that none of defendants' arguments has merit, we affirm.

Viewing the evidence in a light to support the verdict, it appears that in the days prior to the accident, defendant contractors had been bringing truck loads of dirt into the area. When it rained the day of the accident, fallen dirt, along with dirt which had eroded along the side of the roadway, turned into mud, slid down into the road, and clogged the drains. As a result, water and mud accumulated on the highway, causing the decedent to hydroplane and lose control of his car. An expert testified that the accident could and should have been prevented by simple erosion control measures such as silt screens and the use of hay bales along the side of the road.

1. Defendants first argue that their directed verdict and j.n.o.v. motions should have been granted because there is no evidence that they had notice of the dangerous condition of the roadway. But defendants' lack-of-notice argument relies on premises liability cases, in which a defendant's liability is based on its duty to discover and correct (or warn about) a dangerous condition on property it is responsible for, even though the defendant's negligence did not actually cause the dangerous condition in the first place. See, e.g., *Andrews v. Macon*, 191 Ga. App. 745, 746 (2) (382 SE2d 739) (1989). This is not a premises liability case; defendants' liability here is based not on its negligence in failing to discover and correct a hazardous condition but on its negligence in actually creating the hazardous condition.

Defendants cite *Fine v. APAC-Georgia*, 192 Ga. App. 895, 897 (2) (386 SE2d 692) (1989) for the proposition that notice of the dangerous condition is required before a roadway contractor can be held responsible for injuries caused by accumulated water in the road. Despite the similarity in factual context between that case and this one, however, *Fine* is distinguishable because in that case, unlike this one, there was simply no evidence that accumulated water in the roadway was actually caused by any negligence on the part of the contractor.

Defendants also contend that it was up to the DOT to determine where to implement erosion control measures and that since they fully complied with DOT plans and directions regarding erosion control, they cannot be liable. See *C. W. Matthews Contracting Co. v. Marasco*, 184 Ga. App. 150 (361 SE2d 34) (1987) (where contractor follows employer's specifications and directions and injury results, contractor is not liable, but where contractor performs work in negligent manner, contractor is liable). But the contract between defend-

ants and the DOT specified that erosion control was defendants' responsibility, and a DOT witness testified that defendants were expected to exercise their judgment regarding implementation of erosion control measures.

2. In two enumerations of error, defendants challenge the admission of a police officer's testimony about what the decedent said at the scene of the accident, as well as the officer's report based on the decedent's statement. Specifically, defendants contend that this evidence was (or was based upon) inadmissible hearsay. The trial court ruled that the decedent's statement to the officer came within the res gestae exception to the hearsay rule (see OCGA § 24-3-3), and this ruling will not be disturbed on appeal unless it is clearly erroneous. *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982). Since the officer arrived only ten minutes after the accident, and the decedent was traumatized and paralyzed from his vehicle rollover, the trial court's determination that the decedent's statement was sufficiently contemporaneous with the accident and had sufficient indicia of reliability to be considered part of the res gestae was not clearly erroneous. See *Jarrett v. State*, 265 Ga. 28 (2) (453 SE2d 461) (1995); *T. G. & Y. Stores Co. v. Waters*, 175 Ga. App. 884, 886 (2) (334 SE2d 910) (1985).

3. Defendants' remaining enumerations of error are without merit.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

### On Motion for Reconsideration.

At defendants' request in their motion for reconsideration, we address their argument that a pre-trial statement made by a police officer who testified at trial was inadmissible hearsay. The police officer stated at trial that no water was pooled at the accident scene when he arrived. Soon after the accident, however, the officer had stated that water was pooled at the site. The officer acknowledged making this earlier statement, but explained that it was inaccurate because he had been confused.

Under *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence." The challenged evidence here was the prior inconsistent statement of a witness who testified and was subject to cross-examination. Accordingly, the trial court did not err in admitting it.

*Motion for reconsideration denied.*

Decided September 21, 1995 —
Reconsideration denied December 5, 1995 — 

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Ronald R. Coleman, Jr., John C. Bonnie,* for appellants.
*Michael J. Bowers, Attorney General, Charles M. Richards, Senior Assistant Attorney General, Greer, Klosik & Daugherty, John F. Daugherty, Morris & Sharp, Donald J. Sharp,* for appellees.