### A97A1947. LYON v. STATE OF GEORGIA.
(495 SE2d 899)

SMITH, Judge.

The State filed a forfeiture action against a pickup truck owned by appellant Betty Lyon, alleging that the truck was used by her son, Jesse Dubberly, to facilitate a purchase of cocaine. Lyon answered, asserting, among other things, that she was an innocent owner of the forfeited property. The "innocent owner" provision of the forfeiture statute provides in relevant part: "A property interest shall not be subject to forfeiture under this Code section if the owner of such interest or interest holder establishes that the owner or interest holder: (1) Is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur." OCGA § 16-13-49 (e).

After a bench trial, the trial court found that Lyon knew or reasonably could have known that Dubberly was using the truck to purchase cocaine and ordered the forfeiture of the truck. In her sole enumeration of error, Lyon contends the trial court erred in this finding and in determining that she was not an innocent owner of the truck. We disagree.

In this case, as in all condemnation actions, once the State established a prima facie case for forfeiture of the property, Lyon had the burden of establishing by a preponderance of the evidence that she was an innocent owner under the provisions of OCGA § 16-13-49. *State v. Banks*, 215 Ga. App. 828, 832 (452 SE2d 533) (1994). "Subsections (o) (5) and (p) (6) of OCGA § 16-13-49 provide that forfeiture proceedings shall be held by the court without a jury. [Cit.] Upon appellate review, factual findings made after a bench trial 'shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' OCGA § 9-11-52 (a)." Id. "The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them." (Citations and punctuation omitted.) *Maynard v. State of Ga.*, 217 Ga. App. 344, 346 (457 SE2d 253) (1995).

At trial, the State offered a statement that Lyon gave to the police shortly after Dubberly's arrest. In that statement, Lyon told the police that Dubberly "has had a drug problem for approximately 5 years" and that she had taken the truck away from him "a couple of

months ago for not working and being strung out on cocaine." She also stated that Dubberly "is so strung out that I have to hide my money and my jewelry to keep him from taking it somewhere to swap it for dope," and that the seat of the truck was burned from his using crack. She added that it "didn't take him 6 months to destroy that truck because of his addiction." While Lyon testified and disavowed this statement, "[u]nder *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), 'a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence.' The . . . evidence here was the prior inconsistent statement of a witness who testified and was subject to cross-examination." *Gilbert Corp. of Delaware v. Yetman*, 219 Ga. App. 320, 322 (464 SE2d 822) (1995) (on motion for reconsideration). Lyon's statement was sufficient under the any evidence rule to support the trial court's finding that Lyon knew or should have known that Dubberly's use of the truck to purchase cocaine was likely to occur.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 21, 1998.

*Ratcliffe, Smith & Rose, Charles P. Rose, Jr.*, for appellant.

*Dupont K. Cheney, District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.