511 S.E.2d 880 (1999)
236 Ga. App. 235
MITCHELL et al.
v.
STATE of Georgia.
No. A98A2168.
Court of Appeals of Georgia.
February 9, 1999.
*881 J. Alfred Johnson, Shondra J. Pruitt, Marietta, for appellants.
David McDade, District Attorney, William H. McClain, Assistant District Attorney, for appellee.
SMITH, Judge.
Rodrick Mitchell and Seneka Kinnemore appeal from an order granting forfeiture of certain personal property seized when Mitchell was stopped at a routine roadblock and subsequently arrested and charged with violating the Georgia Controlled Substances Act, OCGA § 16-13-30.[1] The items seized were the 1964 Chevrolet Impala that Mitchell was driving when stopped; a handgun found in the car; and jewelry, two pagers and $998 in cash found on Mitchell's person. Mitchell and Kinnemore filed claims and answered the petition, with Kinnemore claiming ownership of the car and Mitchell claiming ownership of the remaining items. After hearing evidence, the trial court entered an order of forfeiture.[2] Mitchell and Kinnemore appeal from this order, raising two enumerations of error.
1. Mitchell and Kinnemore contend that forfeiture of the items seized amounted to an excessive fine within the meaning of the Eighth Amendment to the U.S. Constitution. In Thorp v. State of Ga., 264 Ga. 712, 450 S.E.2d 416 (1994), the Supreme Court of Georgia adopted the three-factor analysis proposed in United States v. 6625 Zumirez Drive, 845 F.Supp. 725 (C.D.Cal.1994), as the minimal inquiry that must be made in analyzing a claim under the excessive fines provision of the Eighth Amendment. Thorp, supra at 717-718 (3), 450 S.E.2d 416. These factors are: (1) the inherent gravity of the offense, as compared with the harshness of the penalty; (2) whether the property seized was close enough to the offense to render it "guilty"; and (3) whether the criminal activity *882 involving the property seized was extensive, in terms of time or space. Id.
Application of these factors requires the trial court to make mixed findings of law and fact, which this Court must accept unless they are clearly erroneous. Evans v. State of Ga., 217 Ga.App. 646, 647, 458 S.E.2d 859 (1995). But although both counsel brought this issue to the trial court's attention, it does not appear that the trial court made findings regarding, or even specifically mentioned, these criteria. We must therefore remand this case for further proceedings in the trial court. Since a hearing was conducted, no further evidentiary hearing is necessary, unless the trial court deems it so. The trial court's order is vacated, and the court is directed to enter a new order including findings of fact and conclusions of law on the factors required by Thorp. Either party shall be entitled to appeal the trial court's new order within 30 days of its entry. See Art. VI, Sec. I, Par. IV, Ga. Const. of 1983. Evans, supra at 647, 458 S.E.2d 859.
2. Kinnemore claimed that she owned the car and was entitled to its return as an "innocent owner," under OCGA § 16-13-49(e). The trial court found that notwithstanding Kinnemore's claim, the true owner of the car was Mitchell. On appeal, Mitchell and Kinnemore argue that the evidence does not support this finding by the trial court. We do not agree.
OCGA § 16-13-49(e) sets forth what an owner or interest holder must establish in order to prevent forfeiture as an "innocent owner." The owner or interest holder must show that he or she is not accountable for the conduct giving rise to the forfeiture and did not know or have reason to know of that conduct; that he or she did not stand to profit from that conduct, other than by having an interest in "an arm's length commercial transaction"; and did not hold the property jointly with the person whose conduct gave rise to the forfeiture (if the property was a "conveyance for transportation"). In addition, the owner or interest holder must show that he or she does not now hold the property for the benefit of such person and, if the interest was acquired from such person, it was as a bona fide purchaser for value without knowingly taking part in illegal conduct, and the interest was acquired either before the completion of the conduct giving rise to the forfeiture or after its completion and as a bona fide purchaser for value without knowingly taking part in an illegal transaction, before the notice of seizure and without cause to believe it would become the subject of a forfeiture. OCGA § 16-13-49(e)(1) through (5).
In a condemnation action, once the State has presented a prima facie case for forfeiture, the claimant has the burden of establishing by a preponderance of the evidence that she is an innocent owner. State of Ga. v. Ledford, 217 Ga.App. 272, 456 S.E.2d 757 (1995). OCGA § 16-13-49(o)(5) and (p)(6) provide that forfeiture actions are tried by the court without the intervention of a jury. On appeal, the trial court's findings of fact will not be reversed unless clearly erroneous, and due regard must be given to the trial court's opportunity to judge the credibility of the witnesses who appeared before it. This means that we will not disturb a trial court's findings if any evidence exists to support them. Lyon v. State of Ga., 230 Ga.App. 264, 495 S.E.2d 899 (1998).
The trial court concluded that "the car actually belongs to Roderick [sic] Mitchell, and that Seneka Kinnemore is a strawman whom the defendant seeks to use in order to avoid the loss of his car as a result of its use in the transportation of such substances as marijuana and cocaine." This finding is supported by evidence.
Kinnemore testified that she knew Mitchell smoked marijuana. She testified, in fact, that she knew he smoked it while driving because he had done so in her presence. She was also aware that he previously had been arrested for possessing cocaine. This evidence undermines Kinnemore's claim of innocence, since she knew that the conduct giving rise to the forfeiture was likely to occur.
Moreover, a narcotics investigator for the Douglas County Sheriff's Department testified that he ran the tag on the car Mitchell was driving, and it came back registered to a third person. The investigator testified that *883 when he informed Mitchell, Mitchell responded that he had bought it from that third person, for $1,800, but "changed his story and said that it was his girlfriend's car" when the investigator told Mitchell he planned to seize it.
Kinnemore testified that she was Mitchell's girlfriend, and that she bought the car from a different third party in Rockmart and immediately registered it. She identified a handwritten bill of sale. As the trial court noted in its order, the bill of sale includes a line drawn in for the name of the purchaser and the blank is filled in with what appears to be Kinnemore's signature. The remainder of the bill of sale is in a different handwriting from that used by the seller on the seller's signature line.
The court noted that during the entirety of the hearing, Kinnemore remained outside the courtroom other than when she was testifying, and that its conclusion regarding the ownership of the car was based upon Kinnemore's demeanor and on Mitchell's original answer to law enforcement officers regarding the owner of the car. Because we find that this evidence supports the trial court's finding that Mitchell was the true owner of the car, we cannot disturb that finding.
Judgment affirmed in part and vacated in part, and case remanded with direction.
JOHNSON, C.J., and BARNES, J., concur.
NOTES
[1] The record reflects only that Mitchell was charged with violating the Controlled Substances Act. But both appellants and the State agree that Mitchell was charged with possessing less than one ounce of marijuana, possession of cocaine with intent to distribute, and possession of a firearm during commission of a crime.
[2] Mitchell, Kinnemore, and their attorney failed to appear at the originally scheduled hearing set on the petition. Their attorney subsequently moved to set aside the forfeiture order entered at that time, arguing that an oversight on his part caused the failure to appear. After a hearing, the trial court granted the motion to set aside. Having heard the State's witnesses at the previous hearing, the trial court ordered the hearing to resume with the defense witnesses.