A99A1191. JAMES v. STATE OF GEORGIA.
(523 SE2d 354)

PHIPPS, Judge.

After a bench trial, Darlene James's 1990 Cadillac Brougham was forfeited to the State because her son, Edrin Temple, used the car to transport and sell drugs on May 3, 1997. James's defense was that she was an innocent owner of the car. Under the innocent owner provision of the forfeiture statute:

> A property interest shall not be subject to forfeiture if . . . the owner of such interest or interest holder establishes that the owner or interest holder [i]s not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur.[1]

We will not set aside facts found in a bench trial "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."[2] The clearly erroneous standard is the same as the any evidence rule.[3] The issue before us is whether there is any evidence to support a finding that, prior to May 3, 1997, James reasonably could have known that her son was using or was likely to use her car to transport and sell drugs.

The trial court concluded that James was not an innocent owner. The court specifically found that, before May 3, 1997, a McIntosh County Sheriff's officer had informed James that her son was using the car to transport and sell drugs. Implicitly, the court found that, prior to May 3, 1997, James reasonably could have known that her son was using or was likely to use the car to facilitate drug sales.

---

[1] OCGA § 16-13-49 (e) (1).

[2] (Citations and punctuation omitted.) *Lyon v. State of Ga.,* 230 Ga. App. 264 (495 SE2d 899) (1998).

[3] Id.

Officer Danny Deal testified that he told James on several occasions before May 3, 1997, that her son was selling drugs from the car. He testified that he had stopped Temple in the car several times for traffic violations and that James would come to the scene angered because the police had stopped her son. He testified that during these encounters he told James her son was dealing drugs and asked her to smell the pervasive odor of marijuana emanating from the car. Deal further testified that after a March 20, 1997 arrest of Temple for possession of cocaine with intent to distribute and simple possession of marijuana, he showed James drugs he seized from the car.

James testified that Deal never told her he believed Temple was dealing drugs from the car and that she believed Deal's traffic stops of Temple were simply harassment. James also denied seeing drugs removed from the car. James's testimony conflicts with Deal's. But the trial court had the opportunity to judge the credibility of the witnesses and resolve conflicts in the testimony. Evidence was presented from which the trial court could find that, prior to May 3, 1997, James reasonably could have known Temple was using or was likely to use the car to transport and sell drugs. She was not an innocent owner.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED OCTOBER 6, 1999.

*John B. Cloy*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.