## A03A1388. DAVIS v. THE STATE.
(583 SE2d 214)

BLACKBURN, Presiding Judge.

Following his conviction of hit and run in a bench trial, Jerome Davis appeals, arguing that the trial court erred in denying his motions to dismiss based on his contentions that (1) his arrest was illegal because the crime was not committed in the police officer's presence, and (2) the State failed to have the police officer present at the trial to meet its burden of proving that his arrest was lawful. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that on the evening of October 14, 2002, Shonlondrell Taylor was driving on Interstate 20 when she was hit from behind twice by a vehicle driven by Davis. Following the accident, Davis failed to stay at the scene, and Taylor wrote down his tag number.

Officer Kramer of the Atlanta Police Department came to Tay-

---

[2] See *Driver v. Nunnallee*, 226 Ga. App. 563, 565 (487 SE2d 122) (1997).

lor's location and began the initial report and investigation of the case. Kramer, however, was called to another location. Taylor then contacted the Hit and Run Division of the Atlanta Police Department and spoke with Officer Boyd, who completed the investigation. On November 4, 2002, Boyd issued a citation to Davis for the hit and run, for which he was convicted at a bench trial.

1. Citing OCGA § 17-4-20 (a), Davis claims in his first enumeration of error that the trial court should have dismissed the charges against him because Officer Boyd, who did not see him commit the offense, had no authority to issue him a citation. OCGA § 17-4-20 (a) is inapplicable; that statute applies to cases where a custodial arrest is made. *Baker v. State*.[1] Davis was never taken into custody. "Moreover, since the offense with which appellant was charged had resulted in an accident, Officer [Boyd] was authorized to issue citations to appellant under OCGA § 17-4-23 (a) even though the offense had not occurred in the presence of a law enforcement officer." *Roberts v. State*.[2]

2. In his second enumeration of error, Davis maintains that the trial court erred in denying his motion to dismiss because the State failed to meet its burden of proving the legality of his arrest by having Officer Boyd present at the bench trial to introduce the citation into evidence. There is no merit to this argument.

OCGA § 17-4-23 (a) requires that officers be present when the charges against the accused person are heard only in cases in which the arresting officer has made "an arrest concerning the operation of a motor vehicle based on information received from another law enforcement officer who observed the offense being committed." There is no requirement that officers be present when a citation is issued on the basis of information supplied by a person involved in the accident.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 5, 2003.

Benjamin A. Davis, Jr., for appellant.

Joseph J. Drolet, Solicitor-General, Frank T. Gomez, Assistant Solicitor-General, for appellee.

---

[1] *Baker v. State*, 202 Ga. App. 73, 74 (1) (413 SE2d 251) (1991).
[2] *Roberts v. State*, 175 Ga. App. 326, 329 (1) (333 SE2d 189) (1985).