## A04A1796. THE STATE v. COOPER.
### (611 SE2d 90)

MIKELL, Judge.

The state appeals the order dismissing Alexander Cooper, Jr.'s accusation of driving under the influence of alcohol to the extent that it was less safe for him to drive, arguing that the trial court erred in holding that there was no authority for the arrest under OCGA § 17-4-23 (a) because law enforcement officers did not actually observe Cooper operating a motor vehicle. As we are unable to discern from the record whether Cooper's arrest was proper under OCGA § 17-4-20 (a), we reluctantly affirm the order.

The record does not contain a transcript of the evidentiary hearing held on Cooper's oral motion to dismiss the accusation. In the absence of a transcript, this Court must assume that the trial court's findings of fact are correct.[1] According to the court's order, Cooper was driving a pickup truck in Waycross at approximately 4:00 p.m. on November 11, 2003, when he made a wide right turn at an intersection, nearly striking a truck being driven by Steve McCarthy. McCarthy followed Cooper and telephoned 911 to report the incident, giving a description of the truck and the tag number. McCarthy was able to stop Cooper and approach him, and McCarthy observed that Cooper smelled strongly of alcohol and was unsteady on his feet. McCarthy was unable to detain Cooper long enough for officers to arrive but continued to follow him. McCarthy saw Cooper drive into the oncoming lane of traffic, almost striking another vehicle. Finally, McCarthy followed Cooper to a residence, where Cooper parked in the yard. Law enforcement officers arrived moments later. They identified Cooper's vehicle by tag number and noted that he matched the description McCarthy gave to the 911 operator. The officers approached Cooper's truck and immediately observed that he smelled strongly of alcohol, was unsteady on his feet, and had slurred speech. Following the administration of field sobriety tests, Cooper was arrested for DUI.

---

[1] *Lamb v. State*, 185 Ga. App. 231, 232 (363 SE2d 863) (1987).

Cooper moved the court to dismiss the accusation based on OCGA § 17-4-23 (a), which provides, in pertinent part, that "[a] law enforcement officer may arrest a person accused of violating any law or ordinance governing the operation . . . of motor vehicles by the issuance of a citation, provided the offense is committed in his presence."[2] The court granted the motion because no officer observed Cooper driving.

The state argues that Cooper's "detention" was lawful pursuant to OCGA § 17-4-20 (a), which provides that an officer may arrest a suspect without a warrant in limited situations, including when "the offense is committed in such officer's presence or within such officer's immediate knowledge; . . . or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant." However, OCGA § 17-4-20 (a) only applies to cases in which a custodial arrest is made.[3] In the case at bar, there is no evidence in the scant record as to whether a custodial arrest was made or a citation was issued. Considering Cooper's alleged intoxication, it is highly likely that he was taken into custody. But "[t]he appellant bears the burden of showing error affirmatively by the record. We will not presume error from a silent record."[4] In this case, the state, as the appellant, bears the burden of proving that the officers effected a custodial arrest. Having specifically declined to include a transcript of the proceedings in the record on appeal, the state did not meet its burden.

To issue a citation under OCGA § 17-4-23 (a), either the arresting officer must witness the act constituting the offense, or another officer who observed the offense must convey the information to the arresting officer, "except that, where the offense results in an accident, an investigating officer may issue citations regardless of whether the offense occurred in the presence of a law enforcement officer."[5] In the case at bar, the offense did not result in an accident, and the information regarding Cooper's erratic driving was not supplied by another officer. It appears, therefore, that the trial court correctly determined that his arrest was invalid under OCGA § 17-4-23 (a).

The state argues that the trial court abrogated the principle that it is not necessary for the officer to observe the suspect driving in

---

[2] OCGA § 17-4-23 (a).

[3] *Davis v. State*, 261 Ga. App. 539, 540 (1) (583 SE2d 214) (2003), citing *Baker v. State*, 202 Ga. App. 73, 74 (1) (413 SE2d 251) (1991). For a thorough discussion of OCGA §§ 17-4-20 and 17-4-23, see *United States v. Wilson*, 853 F2d 869, 871-873 (11th Cir. 1988), cited in *Brock v. State*, 196 Ga. App. 605, 606 (1) (396 SE2d 785) (1990).

[4] (Citation and punctuation omitted.) *Mitchell v. State*, 255 Ga. App. 585, 591 (6) (565 SE2d 889) (2002).

[5] OCGA § 17-4-23 (a).

order to justify a DUI arrest.[6] That principle, however, applies in the context of custodial arrests made under OCGA § 17-4-20. We cannot presume from a silent record that a custodial arrest occurred; therefore, we must affirm the trial court's judgment. However, we note that the two-year statute of limitation applicable to prosecutions for misdemeanors, OCGA § 17-3-1 (d), has not expired, as this offense allegedly occurred on November 11, 2003. Moreover, jeopardy has not attached.[7] Accordingly, Cooper is subject to being arrested again and prosecuted at any time prior to the expiration of the limitation period.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 24, 2005.

*Michael D. DeVane, Solicitor-General*, for appellant.
*John R. Thigpen*, for appellee.

---

[6] See *Trotter v. State*, 256 Ga. App. 330, 331-332 (1) (568 SE2d 571) (2002); *Puckett v. State*, 239 Ga. App. 582, 586 (2) (a) (521 SE2d 634) (1999); *Lufburrow v. State*, 206 Ga. App. 250-251 (2) (425 SE2d 368) (1992) (physical precedent only); *Napier v. State*, 184 Ga. App. 770, 771-772 (1) (362 SE2d 501) (1987).

[7] See *Haynes v. State*, 245 Ga. 817, 818 (268 SE2d 325) (1980) ("jeopardy attaches when a jury is impaneled and sworn") (citation omitted).