A06A1144. LITTLE et al. v. STATE OF GEORGIA.
(630 SE2d 903)

BLACKBURN, Presiding Judge.

Following a bench trial, Eual M. Little's truck and Dorothy Little's cellular telephone were forfeited to the State on the ground that their son used the truck and cellular phone while engaging in the sale of marijuana. Eual and Dorothy Little appeal the forfeiture, arguing that the trial court erred in failing to find that they were innocent owners of the property.[1] For the reasons set forth below, we affirm.

The evidence shows that on May 9, 2003, the Littles' son, Matthew, sold a quantity of marijuana to a confidential police informant. Matthew used Dorothy's cellular telephone to arrange the sale and transported the marijuana in Eual's 1991 Mazda pickup truck. Immediately following the drug sale, Matthew was arrested, and the truck and cellular phone were seized. Matthew eventually pled guilty to charges relating to the marijuana sale, and the State filed a complaint pursuant to OCGA § 16-13-49 seeking forfeiture of the truck and the cellular phone.

At the forfeiture hearing, the State presented evidence that Matthew had been arrested two years earlier for possession of marijuana with intent to distribute and had, in fact, used Eual's truck during the commission of that crime. The State also presented evidence that both parents were aware of the arrest and that following Matthew's previous arrest, Eual was warned that his truck could be subject to forfeiture if his son was again caught using it while engaging in drug sales. Both Eual and Dorothy testified that they were not aware that their son was again selling marijuana and

---

[1] OCGA § 16-13-49 (e) (1) (A).

further testified that although his use of the cellular phone was not really restricted, his use of the truck was loosely restricted. In addition, Matthew also testified that his parents were unaware that he had used their property to arrange a marijuana sale.

At the conclusion of the hearing, the trial court ruled that the State had made a prima facie case showing that the truck and cellular phone were used in the commission of an illegal marijuana sale and further ruled that Eual and Dorothy Little had not met their burden of showing by a preponderance of the evidence that they were innocent owners. Thus, the trial court entered a judgment that the truck and cellular phone were forfeited. This appeal followed.

"In rendering judgment on a complaint for forfeiture, the trial court is required to make mixed findings of fact and law, which this Court must accept unless they are clearly erroneous." *State of Ga. v. Tucker*.[2] See also *Mitchell v. State of Ga.*[3] We defer to the trial court's judgment as to witness credibility and will affirm the trial court's findings if there is any evidence supporting them. *James v. State of Ga.*;[4] *Mitchell*, supra, 236 Ga. App. at 337 (2).

At issue in this matter is the innocent-owner provision of the forfeiture statute, OCGA § 16-13-49 (e) (1) (A), which provides:

> A property interest shall not be subject to forfeiture under this Code section if the owner of such interest or interest holder establishes that the owner or interest holder . . . [i]s not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur.

In a condemnation action, once the State has presented a prima facie case for forfeiture, a claimant asserting that he is an innocent owner of the subject property bears the burden of proving such status by a preponderance of the evidence. See *Mitchell*, supra, 236 Ga. App. at 337 (2).

Here, the State presented evidence that Eual and Dorothy were aware of their son's prior drug-related arrest, and that Eual was also aware that their property could be subject to forfeiture if Matthew was arrested again for a similar drug-related offense. The State presented further evidence that despite this knowledge, Eual and Dorothy only loosely restricted their son's use of the truck and did not

[2] *State of Ga. v. Tucker*, 242 Ga. App. 3, 7 (1) (c) (528 SE2d 523) (2000).
[3] *Mitchell v. State of Ga.*, 236 Ga. App. 335, 337 (2) (511 SE2d 880) (1999).
[4] *James v. State of Ga.*, 240 Ga. App. 288 (523 SE2d 354) (1999).

restrict his use of the cellular phone. Although Eual and Dorothy testified that they had no reason to know that their son was using or was likely to use the truck and cellular phone to sell drugs, the trial court was not obligated to believe their testimony even if uncontradicted. See *Tate v. State*.[5] Thus, the trial court's ruling that Eual and Dorothy Little failed to prove their innocent-owner status by a preponderance of the evidence was not clearly erroneous. Id. Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 11, 2006.

*William J. Mason*, for appellants.

*J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney*, for appellee.

---

[5] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).
[1] 206 Ga. App. 456 (426 SE2d 45) (1992).