A08A0609. STATE OF GEORGIA v. DAVIS et al.

(665 SE2d 350)

JOHNSON, Presiding Judge.

The state filed a complaint pursuant to OCGA § 16-13-49 seeking forfeiture of six motor vehicles allegedly discovered in close proximity to marijuana. Three of the vehicles went unclaimed and were forfeited, but Veronica Davis filed an answer claiming a 1986 Mercedes Benz and a 1996 Cadillac, and Gary Martin filed an answer claiming a 1997 Freightliner. After a bench trial, the court ordered that the Cadillac be forfeited, but that the Mercedes Benz not be forfeited because Davis is an innocent owner of it and that the Freightliner not be forfeited because Martin is an innocent owner of it. The state appeals, arguing that the trial court erred in finding

both Davis and Martin to be innocent owners of the respective vehicles.

Relying on the pleadings, briefs and trial testimony, the trial court found that undercover agents for the Georgia Bureau of Investigation bought two pounds of marijuana from Gerald Davis at the home he shares with his wife, Veronica Davis. The Mercedes Benz, Cadillac and Freightliner were all parked on the Davis property at the time of the undercover drug buy. Three days later, the GBI bought another forty pounds of marijuana from Gerald Davis at his father's house. The GBI subsequently executed a search warrant at Gerald and Veronica Davis' home, in which they found digital scales, individual packages of marijuana, a pistol and money. The Mercedes Benz, Cadillac and Freightliner were all parked on the Davis property during the search.

Once the state has presented a prima facie case for forfeiture, the claimant has the burden of establishing by a preponderance of the evidence that he or she is an innocent owner of the property in question.[1] OCGA § 16-13-49 (e) sets forth the elements for proving that one is an innocent owner.[2]

> Under OCGA § 16-13-49 [(e) (1)], a property interest shall not be subject to forfeiture if the interest holder establishes that he:
> (A) Is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur;
> (B) Had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture . . . ;
> (C) With respect to conveyances for transportation only, did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture;
> (D) Does not hold the property for the benefit of or as nominee for any person whose conduct gave rise to its forfeiture . . . ; and
> (E) Acquired the interest . . . (b)efore the completion of the conduct giving rise to its forfeiture. . . .[3]

In the instant case, the trial court found that the state had made a prima facie case for forfeiture of all three vehicles. However, the

---

[1] *Love v. State of Ga.*, 281 Ga. App. 664, 665 (1) (637 SE2d 81) (2006).

[2] *Mitchell v. State of Ga.*, 236 Ga. App. 335, 336 (2) (511 SE2d 880) (1999).

[3] *Tolliver v. State of Ga.*, 276 Ga. App. 755, 756 (625 SE2d 403) (2005).

court further found that Veronica Davis had met her burden of establishing that she is an innocent owner of the Mercedes Benz because she had purchased the vehicle with her own money and there is no evidence that her husband had ever driven it. The trial court also found that Martin had met his burden of establishing himself as an innocent owner of the Freightliner because he had acquired the vehicle as a bona fide purchaser.

"On appeal, the trial court's findings of fact will not be reversed unless clearly erroneous, and due regard must be given to the trial court's opportunity to judge the credibility of the witnesses who appeared before it."[4] In finding that Martin was a bona fide purchaser of the Freightliner, the trial court cited various pieces of evidence, including trial testimony that Martin had bought the vehicle from Gerald Davis prior to the undercover drug buys, that the vehicle is registered only in Martin's name, and that it is parked in Davis' yard due to a lack of space in Martin's yard. There is no transcript of the trial, and absent a transcript, we must presume that the trial court's findings of fact are correct.[5] The state has failed to meet its burden of proving error by the record, and therefore the trial court's determination that Martin is an innocent owner of the Freightliner is affirmed.

While a trial court's findings of fact must be affirmed unless clearly erroneous,[6] rulings on legal questions are not due any deference and are subject to a "plain legal error" standard of review.[7] In the instant case, the trial court made a plain legal error in concluding that Veronica Davis had met her burden of establishing herself as an innocent owner of the Mercedes Benz. The trial court expressly found as a matter of fact that she and her husband hold joint title to that car. Indeed, the record contains a copy of the certificate of title, which clearly shows that Veronica and Gerald Davis jointly own the Mercedes Benz. Moreover, Veronica Davis admitted in her answer to the state's complaint that she and Gerald Davis hold title to that vehicle jointly.

As recited above, one of the requirements for establishing a claimant as an innocent owner is that conveyances for transportation not be held "jointly, in common, or in community with a person whose conduct gave rise to its forfeiture."[8] Since Veronica Davis holds title to the Mercedes Benz jointly with her husband, whose conduct gave rise to its forfeiture, she cannot establish herself as an

---

[4] (Punctuation and footnote omitted.) *Love*, supra.

[5] See *State v. Cooper*, 271 Ga. App. 771 (611 SE2d 90) (2005).

[6] *Love*, supra.

[7] *State of Ga. v. Howell*, 288 Ga. App. 176 (653 SE2d 330) (2007).

[8] OCGA § 16-13-49 (e) (1) (C).

innocent owner. The trial court's ruling to the contrary is plain legal error and must be reversed.[9]

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Phipps, J., concur.*

DECIDED JUNE 17, 2008 —
RECONSIDERATION DENIED JULY 2, 2008.

*Thurbert E. Baker, Attorney General, J. David Miller, District Attorney, Bradford L. Rigby,* for appellant.

*Copeland, Haugabrook & Walker, Tyrone N. Haugabrook,* for appellees.

---

[9] See, e.g., *State of Ga. v. Tucker,* 242 Ga. App. 3, 8 (3) (528 SE2d 523) (2000).