**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 2, 2015**

# In the Court of Appeals of Georgia

A15A0591. HOLIDAY v. STATE OF GEORGIA.

A15A0593. NELSON v. STATE OF GEORGIA.

MILLER, Judge.

Following a bench trial, the trial court concluded that a trailer and a mobile home owned by Milton Holiday, as well as the property on which the trailer and the mobile home sat, and a vehicle owned by Rosa Nelson were subject to forfeiture because the trailer, the mobile home and the vehicle had been used by Andrew Holiday to sell methamphetamine.[1] In Case No. A15A0591, Milton appeals, contending that the trial court erred in (1) failing to find that he was an innocent owner pursuant to OCGA § 16-13-49 (e) (1), and (2) holding that the forfeiture of his property was not an excessive fine. In Case No. A15A0593, Nelson appeals,

---

[1] Andrew Holiday is Milton's son and Nelson's brother.

contending that the trial court erred in finding that she was not an innocent owner. Since the evidence showed that both Milton and Nelson knew or could reasonably have known that their property was being used in a manner to facilitate drug trafficking and the forfeiture of Milton's property was not an excessive fine, we affirm.

> In rendering judgment on a complaint for forfeiture, the trial court is required to make mixed findings of fact and law, which this Court must accept unless they are clearly erroneous. We defer to the trial court's judgment as to witness credibility and will affirm the trial court's findings if there is any evidence supporting them.

(Citations and footnotes omitted.) *Little v. State of Ga.,* 279 Ga. App. 329, 330 (630 SE2d 903) (2006).

In November 2011, police officers began investigating Andrew for narcotics trafficking. Andrew had previously been arrested in 2009 and spent five to six months in jail before entering guilty pleas to possession of methamphetamine with intent to distribute, possession of cocaine with intent to distribute and possession of marijuana with intent to distribute.

Andrew, Milton and Nelson lived near one another. Andrew lived with a roommate in a mobile home located on Milton's property. Nelson lived next door to

2

Andrew. Milton lived in a house approximately 300 yards away. Milton also owned a pink trailer that was located two to three miles away.

Andrew and his roommate sold drugs out of the pink trailer. Andrew also sold drugs out of his mobile home and Milton's home. Police officers observed Andrew and his roommate drive from their mobile home to the pink trailer to meet with buyers. Police officers also stopped buyers after they had left the pink trailer and found them to be in possession of methamphetamine.

In January 2013, police officers executed a search warrant on Andrew's and Milton's residences. At Andrew's mobile home, police officers recovered a package containing methamphetamine, two handguns, and a prescription bottle, in Nelson's name, for hydrocodone. Police officers also recovered cash from the trunk of Andrew's vehicle. A small amount of methamphetamine was also found in Milton's house. A search of a truck parked outside Milton's residence revealed approximately 130 grams of methamphetamine and another prescription bottle, also in Nelson's name, filled with oxycodone tablets. Police officers also discovered marijuana being grown inside Milton's grandson's trailer, which was located next to Milton's house. The smell of marijuana was noticeable outside the trailer. The pink trailer contained

only a folding chair, a marijuana pipe, and a small digital scale. Police officers had previously observed Milton enter the pink trailer.

Inside Nelson's Honda Accord, police officers found a small bag containing methamphetamine residue, as well as $60,000 in cash in the trunk of the car, some of which Andrew admitted were proceeds from drug sales. Police officers observed Andrew and his girlfriend driving Nelson's Honda Accord during drug transactions, and Andrew admitted using the vehicle to deliver methamphetamine.

Following the search, police officers arrested Andrew and he subsequently pled guilty to methamphetamine trafficking and selling methamphetamine. The State then filed a complaint pursuant to OCGA § 16-13-49 (d), seeking forfeiture of Andrew's mobile home, the pink trailer and the real property upon which they were located, all of which were owned by Milton. The State also sought forfeiture of Nelson's Honda Accord.

At the forfeiture hearing, the State presented evidence that Milton was aware of Andrew's 2009 drug arrest and that Nelson was also aware of Andrew's 2009 drug arrest and subsequent conviction. Nelson had warned Andrew about the presence of police officers on Milton's property throughout the years. Andrew had unrestricted

access to both the mobile home and the pink trailer. Andrew also had a key to Nelson's Honda Accord and could use it whenever he wished.

Following the hearing, the trial court found that Andrew sold drugs out of the pink trailer, the mobile home he lived in, and Nelson's Honda Accord and that Nelson and Milton knew or should reasonably have known of Andrew's drug trafficking. The trial court ordered that the trailer, the mobile home and the vehicle be forfeited.

*Case No. A15A0591*

1. Milton contends that the trial court erred in finding that he knew or should have known of Andrew's drug sales. We disagree.

Under the drug forfeiture statute, OCGA § 16-13-49, property subject to forfeiture includes that which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of the drug laws. "[O]nce the State has presented a prima facie case for forfeiture, a claimant asserting that he is an innocent owner of the subject property bears the burden of proving such status by a preponderance of the evidence." (Citation omitted.) *Little*, supra, 279 Ga. App. at 330. The innocent owner must establish, among other things, that he "[i]s not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and *did not know and could*

5

*not reasonably have known of the conduct or that it was likely to occur*[.]" (Emphasis supplied.) OCGA § 16-13-49 (e) (1) (A).[2]

_____

[2] Pursuant to OCGA § 16-13-49 (e) (1), an innocent owner must also establish that he or she:

(B) Had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture other than as an interest holder in an arm's length commercial transaction;

(C) With respect to conveyances for transportation only, did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture;

(D) Does not hold the property for the benefit of or as nominee for any person whose conduct gave rise to its forfeiture, and, if the owner or interest holder acquired the interest through any such person, the owner or interest holder acquired it as a bona fide purchaser for value without knowingly taking part in an illegal transaction; and

(E) Acquired the interest: (i) Before the completion of the conduct giving rise to its forfeiture, and the person whose conduct gave rise to its forfeiture did not have the authority to convey the interest to a bona fide purchaser for value at the time of the conduct[.]

6

The evidence here showed that Milton had visited the pink trailer on a few occasions. The pink trailer contained almost nothing but drug paraphernalia. Police officers found drugs all over Milton's property, including inside Milton's residence and in Andrew's mobile home. Police officers also found a substantial amount of methamphetamine in a truck parked outside of Milton's residence. The evidence also showed that Milton was aware of Andrew's prior drug-related arrest and yet allowed Andrew full access to the pink trailer and Andrew's mobile home. See *Little*, supra, 279 Ga. App. at 330 (holding that parents failed to show that they were innocent owners when they were aware of their son's prior drug arrest and knew their property could be subject to forfeiture if their son was again arrested and yet they did not restrict son's use of a cellular phone and only loosely restricted his use of a truck). The trial court also specifically found that Milton was evasive in his testimony when he claimed to not know that Andrew sold drugs. The trial court was not obligated to believe Milton's testimony, even if uncontradicted, that he had no reason to know that Andrew was engaged in selling drugs on his property. See id.

2. Milton contends that the trial court erred in finding that the forfeiture of his property was not an excessive fine because he was not a direct participant in Andrew's crimes and thus was not culpable. We disagree.

The Eighth Amendment's bar on excessive fines applies to in rem forfeitures. See *Howell v. State of Ga.*, 283 Ga. 24, 25 (1) (656 SE2d 511) (2008). Claims of excessiveness are to be evaluated in terms of the following considerations:

> (1) the harshness, or gross disproportionality, of the forfeiture in comparison to the gravity of the offense, giving due regard to (a) the offense committed and its relation to other criminal activity, (b) whether the claimant falls within the class of persons for whom the statute was designed, (c) the punishments available, and (d) the harm caused by the claimant's conduct; (2) the nexus between the property and the criminal offenses, including the deliberate nature of the use and the temporal and spatial extent of the use; and (3) *the culpability of each claimant*.

(Citation omitted; emphasis supplied.) Id. at 26 (1).

Here, applying the *Howell* standard, the trial court held that the forfeiture of Andrew's mobile home, the pink trailer, and the real property on which they were located did not constitute an excessive fine because (1) the offenses were very serious when compared to the forfeiture; (2) there was a clear nexus between the offenses and the property since Andrew was running an extensive drug operation out of his mobile home and the pink trailer; and (3) Milton was culpable because he knew of Andrew's involvement with drugs, and he had numerous opportunities to observe Andrew engaging in drug sales all over his property. Milton's culpability, while not direct,

8

stemmed from his "willful blindness" to Andrew's activities. Accordingly, the trial court did not err in determining that the forfeiture was not constitutionally excessive. See *Howell,* supra, 283 Ga. at 27 (1) (denying excessive fine claim because claimant's willful blindness to her father's illegal activities on her property made claimant culpable).

*Case No. A15A0593*

3. Nelson contends that the trial court erred in finding that she was not an innocent owner of the forfeited Honda Accord. We discern no error.

Specifically, Nelson argues that there was no evidence to support the trial court's finding that she knew her brother was selling drugs. As set forth above, to prove that she is an innocent owner, Nelson must show, inter alia, that she did not know and could not reasonably have known of Andrew's illegal conduct or that it was likely to occur. See OCGA § 16-13-49 (e) (1) (A).

The evidence shows that police officers found $60,000 in cash in Nelson's Honda Accord. Andrew also used the Honda Accord to sell and deliver methamphetamine. Moreover, Nelson testified at the bench trial that she knew Andrew had been arrested and convicted for drug offenses, and there was evidence that she had notified Andrew about the presence of police officers at his residence

9

throughout the years. Despite her knowledge of Andrew's prior arrest and conviction, Nelson allowed Andrew to use her vehicle any time he asked and would often allow Andrew to keep the vehicle for days at a time.

Andrew was also in possession of a prescription bottle, in Nelson's name, for hydrocodone, and police discovered another prescription bottle, also in Nelson's name, filled with oxycodone tablets with Andrew's methamphetamine stash. Furthermore, the trial court specifically found that Nelson was evasive when she claimed to not know that Andrew sold drugs. Accordingly, there was ample evidence to support the trial court's finding that Nelson knew or should have known of her brother's drug dealing. See *Little*, supra, 279 Ga. App. at 330.

Nelson also argues that the trial court erred in finding that she held the Honda Accord "jointly, in common, and in community with" Andrew, as required for the forfeiture of a vehicle. See OCGA § 16-13-49 (e) (1) (C). The evidence showed that Nelson allowed Andrew to use the Honda Accord whenever he wished, and she considered it a "family car" because she had inherited it from their grandparents. Thus, there was evidence to support the trial court's finding that Nelson held the vehicle jointly with Andrew. See *Webb v. State of Ga.,* 300 Ga. App. 29, 31 (1) (684 SE2d 115) (2009) (claimant failed to prove innocent owner status when evidence

10

showed that claimant's husband drove their "family" vehicles, including a truck titled in claimant's name). Accordingly, the trial court did not err in holding that Nelson failed to establish that she was an innocent owner under OCGA § 16-13-49 (e) (1).

*Judgment affirmed. Andrews, P. J., concurs. Branch, J., concurs in judgment only.*