BURKHALTER *v.* NAIL.

No. 7777.   DECEMBER 11, 1930.

*P. M. Anderson* and *W. T. Burkhalter,* for plaintiff.

BECK, P. J. ■ There were numerous exceptions to rulings of the court admitting in evidence various deeds and other documents offered by the defendant in the course of the trial. While the movant states the grounds of objection which were made to the admission of these deeds, he fails entirely to state literally or in, substance the contents of the documents. Under numerous decisions of this court, the grounds of the motion relating to admission of these documents will not be considered; for it has been ruled many times that a ground of a motion for new trial assigning error upon the admission of documentary evidence will not be considered unless such documents are set forth literally or in substance in the ground of the motion or in an attached exhibit.

■ If movant had desired a special charge to the jury upon the effect of "surveying a land line or entering on a tract of land for the purpose of making a survey," or upon the subject of resurveying a tract of land or entering on a tract of land for the purpose of making a resurvey, as evidence in the case, he should have made a timely written request for the same, and the mere failure of the court to charge upon these particular phases of the evidence will not be ground for the grant of a new trial.

■ Error is assigned in one ground of the motion, "because the charge of the court on an agreed line is error for the following additional reasons." (Here follows the statement of the reasons.) It does not appear from this ground of the motion what the court's charge was on the subject of "an agreed line," and consequently no question is raised for decision here.

■ Error is assigned also upon the following charge of the court: "The verdict mentioned in the preceding section shall also find the value of the land itself, that is, the property sued for, the part now in controversy, this 10-acre power site, and that value must be at the time of the trial, and shall give the plaintiff, Mr. Burkhalter, the alternative right to have and recover the premises subject to the payment to the. defendant of such excess of value of improvements over mesne profits. Now, to be the subject-matter of set-off of improvements, the improvements must be permanent in character and must be such that in their condition at the time of the trial they increase the value of the property." This charge is not error for

any reason assigned, when considered in connection with the entire charge upon the subject of improvements.

■ None of the grounds of the motion for a new trial show any error requiring the grant of a new trial; and the evidence authorized the verdict.     *Judgment affirmed.   All the Justices concur.*