18468. BRIDGES *v.* HENRY.

ARGUED JANUARY 12, 1954—DECIDED FEBRUARY 9, 1954—REHEARING DENIED FEBRUARY 24, 1954.

P. Q. Bryan, E. T. Hughes, for plaintiff in error.
L. L. Moore, Hoyt H. Whelchel, contra.

CANDLER, Justice. This is a suit to recover a tract of land in Colquitt County containing .8 of an acre, and for a stated amount as damages or mesne profits. It is in fact a boundary-line controversy between coterminous landowners where neither disputes the title of the other to his respective tract as a whole. The plaintiff's land is west of and adjacent to the defendant's. After being twice amended, the petition in substance, and so far as need be stated, alleges: Until December 1948, the plaintiff was in possession of the land sued for. He and his predecessors in title had been in actual adverse possession of it for more than 20 years immediately before this suit was brought and under a bona fide claim of right, which possession had been open, notorious, exclusive, public, continuous, and peaceable. Prior to 1948, the plaintiff used it for pasture purposes, it being completely fenced. His predecessors in title had also used it for like purposes. About 15 or 20 years immediately before this litigation was instituted, a dispute arose about the location of the dividing line between the land sued for and the adjoining land which the defendant presently owns; and at that time John Sims and Bay Wasson, respective predecessors in title of the parties, met and agreed on a dividing line and executed their agreement by the erection of a fence on the agreed-upon line which was, until December 1948, acquiesced in by them and their successors in title as the dividing line between the lands of the parties. The defendant in 1948 removed the dividing fence, took actual possession of the land sued for, and is presently holding possession of it wrongfully.

The defendant by his answer denied the substantial allegations of the petition as amended and averred that the land sued for belonged to him. He amplified his answer by alleging that he took actual possession of the land in question under a bona fide claim of title; that he has bona fide possession of it under his title; that he has, since taking such possession of it, spent $8,250 in making permanent improvements on it; and that he should have judgment against the plaintiff for the amount expended for

such improvements if the jury finds that he is not the owner of the land or if it establishes the boundary line of it at the place contended for by the plaintiff. The amendment to the defendant's plea, which sought to set off the value of the permanent improvements was timely objected to, but allowed by the court over the objections: that it did not set forth the value of the land in dispute; that it did not particularize the improvements or allege that they were permanent in character; and that it failed to allege and admit the value of the mesne profits due by the defendant. To this ruling the plaintiff excepted pendente lite.

The verdict was: "We, the jury find that the lines be established in favor of the plaintiff and the amount of the improvements be fixed at $6,000.00, and that if the plaintiff fails to pay the defendant the sum found in his favor within a reasonable time fixed by the court, [he] be allowed by the decree to pay the plaintiff the value of the land which the jury fixes at $400.00 together with the costs. With the result that he [the defendant] shall acquire all the rights of the plaintiff in and to said land and that the plaintiff be required to execute the necessary conveyance for that purpose." Upon this verdict, a judgment was accordingly rendered. The plaintiff moved for a new trial. His motion was based on the usual general grounds and on several special grounds complaining of the charge. His amended motion was denied, and error is assigned on that judgment and on the pendente lite exceptions.

The nature of the instant case may be sufficiently understood from what is said above. The amendment to the plea, attempting to set off the value of certain permanent improvements allegedly made by the defendant against mesne profits and the value of the land, should have been stricken on the plaintiff's motion, which was in effect a general demurrer. The amended plea was an attempt to set up the right of setoff under the act of December 21, 1897 (Ga. L. 1897, p. 79; Code § 33-107). The act provides that where an action is brought for the recovery of land the defendant who has bona fide possession of such land under adverse claim of title may set off the value of all permanent improvements bona fide placed thereon by himself or other bona fide claimants under whom he claims; and in case the legal title is found to be in the plaintiff, if the value of the improve-

ments at the time of the trial exceeds the mesne profits, the jury may render a verdict in favor of the plaintiff for the land and in favor of the defendant for the amount of the excess of the value of such improvements over mesne profits. A plea under the provisions of this act must set forth not only the value of the permanent improvements which it is claimed the possessor has bona fide placed on the land, but also the value of the land and the value of the mesne profits admitted to be due. The scheme of the act is that the verdict should find the value of the land at the time of the trial, and the plaintiff should have the right to have the land, subject to payment to the defendant of the excess of the value of the improvements over the mesne profits, and in the event the plaintiff refuses to take the land upon these terms, then the defendant should have the right to take the land and pay the plaintiff the value of the land and the mesne profits. The plea must therefore set forth the value of the land, the value of the permanent improvements claimed to have been placed thereon, and the amount of mesne profits admitted to be due, because the verdict must contain a finding with reference to all three; and a plea which fails to set forth the facts from which the jury can find the value of the land and the value of the mesne profits, as well as the value of the permanent improvements, is not a sufficient plea under the act, and should on proper and timely motion be stricken because of its insufficiency. The defendant's plea in the case at bar, which was filed under the provisions of the act of 1897, failed to allege the value of the mesne profits admitted to be due; this being true, it was fatally defective and should have been stricken on the plaintiff's motion. The error in denying this motion was controlling and rendered all further proceedings taken in the case entirely nugatory. *Moore v. Carey*, 116 *Ga.* 28, 32 (42 S. E. 258); *LaRoche* v. *Falligant*, 130 *Ga.* 596 (61 S. E. 465); *Burden* v. *Gates*, 190 *Ga.* 300, 301 (9 S. E. 2d 245); *McCray Refrigerator Sales Corp.* v. *New*, 42 *Ga. App.* 703 (157 S. E. 370), and citations. Compare *Rowell* v. *Rowell*, 209 *Ga.* 572 (5) (74 S. E. 2d 833).

*Judgment reversed. All the Justices concur.*