## 38173. ROSS v. LOWERY et al.

WELTNER, Justice.

This is a land line dispute between owners of adjoining tracts. Geraldine Lowery and others (Lowery) brought this action against Claude R. Ross and another seeking to quiet title to certain land, enjoin trespasses by the defendants and recover damages. The jury found by special verdicts that (1) the dividing line was that delineated in a survey conducted by one Dykes in 1977, as claimed by the plaintiffs, (2) neither defendant trespassed on the plaintiffs' property, and (3) Ross was entitled to $25,000 as the difference between improvements made on the land and mesne profits. Ross' motion for a new trial was denied, and he appeals.

In 1905 Isabella Floyd deeded to Henry Reaves a tract of land. In 1913 all of Henry Reaves' land, including the tract described in the 1905 deed, was partitioned, being divided into five parcels, and "Tract No. 5" was awarded to the father of Geraldine Lowery. From 1914 until 1935 Ms. Lowery and others resided on the land and farmed it. The evidence indicates that the land in dispute is sandy and not particularly suitable for cultivation. Ms. Lowery testified that the family cut timber on the disputed parcel and planted some peanuts there. Other long-time residents of the area testified as to their understanding that the tract now owned by Lowery extended up to the "millpond" (which would include the parcel in dispute).

Ross purchased his adjoining tract from Fuller (co-defendant below), who owned it for only one day after purchasing it in 1971 from the Stuckeys. In 1971 Fuller had a survey made by Jim Ross (no relation to the appellant) based on Fuller's deed. In 1948 or 1949 the Stuckeys began to erect improvements on the disputed parcel, which eventually included a lodge-house, a pool, picnic tables, and other structures. The area was used for recreation for a while, but by 1971 it appears to have fallen into disrepair. Ross and Fuller together worked on the buildings and grounds, and again attempted to use it as a recreation area for a short period after 1971. Lowery brought this action in 1980. Ross claims that during all this time the recognized boundary between his land and the Lowery land was the "possession line," which follows an old fence and roadbed and encompasses more territory (in favor of Ross) than does the Ross line.

In summary, the Dykes line is based on the 1905 deed from Isabella Floyd to Henry Reaves. It is most favorable to Lowery and encompasses the improvements erected by Ross and his predecessors. The parcel in dispute lies between the Dykes line and the "possession line," which is least favorable to Lowery. Between the Dykes line and the "possession line" run the Ross line and the

partitioned line, based on a 1914 survey conducted in connection with the partition of the property of Henry Reaves. Most of the improvements lie between the Dykes line and the Ross line.

(1) Lowery showed record title only up to the partitioned line. However, there was evidence from which the jury was entitled to conclude that Lowery obtained title by prescription extending to the Dykes line, between the years of 1914 and 1935. See *Walker v. Steffes,* 139 Ga. 520 (7) (77 SE 580) (1913); Pindar, Ga. Real Estate Law and Procedure §§ 12-34, 12-35 (2d Ed. 1979).

(2) Ross, on the other hand, showed record title extending to the Ross line. He contends that the evidence at least demands a finding of prescriptive title in his favor extending to the Ross line, based on adverse possession under color of title for a period of seven years as provided in Code Ann. §§ 85-402 and 85-407. Examining the record, we find no evidence to counter this claim, as Ross showed adverse possession under color of title from at least 1971 until 1980; to that extent, his motion for a new trial should have been granted.

At the close of the evidence Ross moved for a directed verdict on the issue of damages for trespass, but did not seek a directed verdict on the issue of title. A motion for a directed verdict must, of course, state the specific grounds therefor. Code Ann. § 81A-150 (a). Ross' motion for a directed verdict did not encompass the issue of title, and we cannot now hold as a matter of law that Ross established prescriptive title extending to the Ross line — but only that he is entitled to another chance to submit this issue to a jury.

(3) Ross also contends that the evidence demands a finding of prescriptive title in him extending to the "possession line," based on adverse possession with or without color of title for a period of twenty years. Code Ann. § 85-406. As to this issue, we cannot say, as a matter of law, that Ross' possession extended to the "possession line" and was "public, continuous, exclusive, uninterrupted, and peaceable, and . . . accompanied by a claim of right . . ." for a period of 20 years, as required by Code Ann. §§ 85-402 and 85-406. That issue must remain for determination by the jury on retrial.

(4) We note that the special verdict of the jury with respect to improvements did not include specific findings as to the factual matters set out in our improvements statute (Ga. L. 1897, p. 89), presently codified as Code Ann §§ 33-107, 33-108, which is a well-conceived procedural scheme for resolving similar controversies. See *Bridges v. Henry,* 210 Ga. 415 (80 SE2d 173) (1954); Pindar, supra, §§ 23-135, 23-125. If, on retrial, any claim for improvements should be submitted to the jury, it would be advisable to submit all material issues in accordance with this statute.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 7, 1982—
REHEARING DENIED APRIL 28, 1982.

*Milton Harrison, Smith & Harrington, Will Ed Smith,* for appellant.

*Lawson, Washington & Thornton, A. Michael Washington, George O. Lawson, Jr.,* for appellees.