## 65797. ARCHER v. NEWKIRK.

SHULMAN, Chief Judge.

Appellant sought a declaratory judgment that he held fee simple title to certain real property in Cherokee County upon which appellee was building a house. In his answer, appellee constructed the chain of title under which he claimed the disputed land and counterclaimed, pursuant to OCGA § 44-11-9 (Code Ann. § 33-107), for the value of the improvements he had erected upon the land should appellant be awarded title to the land. The trial court, sitting also as the finder of fact, conducted a hearing on the issues presented, found that both parties had acted in good faith, and applied OCGA § 44-11-9 (Code Ann. § 33-107). The verdict vested title to the disputed land in appellant and ordered a judgment in favor of appellee for the improvements made by him on the property. The trial court denied appellant's motion for a new trial based on the general grounds and on a contention that judgment was entered on an erroneous construction of OCGA § 44-11-9 (Code Ann. § 33-107), and this appeal followed.

1. The basis for appellant's assertion of the general grounds is his argument that the trial court incorrectly found appellee Newkirk to have acted in good faith. Appellant argues that the situs of appellee's closing (his place of employment), his failed attempt to pay 1981 taxes on the property, and verbal notification from a neighbor that someone else owned the property should have put appellee on notice to inquire into the validity of his title. We disagree. While closing a land transaction at one party's place of employment may be uncommon, it certainly is not so unusual or surreptitious as to cause a reasonable man to inquire further about his title. Appellee also had an explanation regarding his returned payment of 1981 taxes to

which the court, sitting as the fact finder, was entitled to give credence. Similarly, there was evidence that the neighbor who notified Newkirk that someone else owned the land upon which appellee was building was satisfied when Newkirk exhibited his deed to the man. Furthermore, "mere notice or knowledge of an adverse claim does not destroy the bona fide character of a reasonable and honest claim by one in possession . . ." *Tenn., Ala. & Ga. R. Co. v. Zugar,* 193 Ga. 386, 390 (18 SE2d 758). Where the facts found by the trier of fact are authorized by the evidence, the findings will not be disturbed. *Woodstock Village v. Fowler,* 154 Ga. App. 82 (4) (267 SE2d 558). The trial court did not err in finding Newkirk to have acted in good faith.

2. The judgment entered by the trial court vested title to the disputed land in appellant and awarded appellee a $39,025 judgment against appellant. Appellant now argues that the trial court failed to include the alternative form of verdict as prescribed by OCGA § 44-11-9 (b) (Code Ann. § 33-107). Under OCGA § 44-11-9 (a) (Code Ann. § 33-107), if legal title to the land is found to be in the plaintiff and the defendant, who has a bona fide possession of the land under adverse claim of title, has made good faith improvements upon the land and the value of the improvements at the time of trial exceeds the mesne profits, a verdict in favor of the plaintiff for the land and in favor of the defendant for the excess value is authorized. OCGA § 44-11-9 (b) (Code Ann. § 33-107) states that: "[t]he verdict mentioned in subsection (a) of this Code section shall find the value of the land itself at the time of the trial. Such verdict shall give the plaintiff the right: (1) To have and recover the premises subject to the payment to the defendant of the excess of the value of the improvements over the mesne profits . . . or (2) to receive from the defendant the value of the land and the mesne profits found by the [trier of fact] to be due the plaintiff . . ." If the plaintiff chooses to receive the value of the land from the defendant, the defendant then acquires the plaintiff's right to the land. OCGA § 44-11-9 (c) (Code Ann. § 33-107).

"The scheme of the act is that the verdict should find the value of the land at the time of the trial, and the plaintiff should have the right to have the land, subject to payment to the defendant of the excess of the value of the improvements over the mesne profits, and in the event the plaintiff refuses to take the land upon these terms, then the defendant should have the right to take the land and pay the plaintiff the value of the land and the mesne profits . . . [T]he verdict must contain a finding with reference to all three [i.e., the value of the land, the improvements, and the mesne profits]." *Bridges v. Henry,* 210 Ga. 415, 418 (80 SE2d 173). See also *Ross v. Lowery,* 249 Ga. 307

(4) (290 SE2d 61); *Burkhalter v. Nail,* 171 Ga. 567 (4) (156 SE 214). Although there was evidence at trial of the present value of the house and of the purchase price of the land and of arboreal improvements thereto, there was no evidence of the present value of the improvements taken as a whole, and no evidence of the present value of the land. Furthermore, the verdict, as framed, never gave appellant the right to choose his remedy, as is statutorily required. OCGA § 44-11-9 (b) (Code Ann. § 33-107). Therefore, the case must be remanded for a hearing concerning the value of the land and the value of the improvements thereon as of the time of trial, and the issuance of a proper verdict and judgment. We note that the record contains a stipulation in which the parties agree to be bound by the land value established by an independent appraiser appointed by the trial court. This would appear to be a sound method to resolve this area of dispute; however, evidence must be taken to determine the present value of the improvements placed on the land by appellee and/or his assigns.

3. Contrary to appellee's assertion, our review of the record compels the conclusion that appellant neither waived his right to a proper verdict under OCGA § 44-11-9 (Code Ann. § 33-107) nor induced the trial court to enter the complained of verdict.

*Judgment affirmed in part and remanded with direction in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1983.

*H. Michael Bray, Roger M. Johnson,* for appellant.
*G. Michael Hartley, Edwin F. Hunt,* for appellee.