S06G0310. ALDWORTH COMPANY, INC. v. ENGLAND et al.
S06G0439. KEYSTONE FREIGHT CORPORATION v. ENGLAND et al.
(637 SE2d 198)

SEARS, Chief Justice.

We granted certiorari in these cases to consider whether a party waives her right to contest the sufficiency of the evidence on appeal by failing to move for a directed verdict on that ground at trial.[1] We conclude that the failure to move for a directed verdict bars the party from contending on appeal that she is entitled to a judgment as a

---

[1] *Aldworth Co. v. England*, 276 Ga. App. 31 (622 SE2d 367) (2005).

matter of law because of insufficient evidence, but that it does not bar her from contending that she is entitled to a new trial on that ground.

1. These cases stem from a road rage incident involving a truck driver, Ricky Barron, supplied to the Keystone Freight Corporation (Keystone) by the Aldworth Company (Aldworth). When Sandra and Andrew England were driving their car in Newnan, Georgia, a Keystone truck operated by Barron attempted to merge into their lane. An angry exchange ensued, which resulted in Barron following the Englands to a gas station and in Barron punching Ms. England in the face. After the Englands filed suit against Keystone, Aldworth, and Barron, Aldworth and Barron defaulted. A trial was held on Keystone's liability and on damages with regard to all three defendants. The jury found that Barron was acting within the scope of his employment with Keystone at the time of the altercation, and found Aldworth and Keystone jointly and severally liable for $750,000 in compensatory damages. In a bifurcated proceeding, the jury then considered the appropriate amount of punitive damages. Because the jury found that Aldworth and Keystone acted with the specific intent to cause harm, the punitive damages award was not limited by the statutory $250,000 cap.[2] The jury assessed punitive damages of $1,000,000 each against Keystone and Aldworth.

On appeal, the Court of Appeals affirmed. It ruled, in relevant part, that Aldworth's and Keystone's failure to move for directed verdicts on certain issues precluded them from contending that the trial court erred in denying their motions for directed verdict and for new trial because the evidence was insufficient to support the verdict as to those issues.[3] We subsequently granted certiorari to consider this ruling.

2. Relying on OCGA § 9-11-50, which sets forth rules governing motions for directed verdict,[4] numerous cases hold that a party is barred from contending on appeal that she was entitled to a directed verdict based on the sufficiency of the evidence to support a claim if the party failed to move for a directed verdict as to that claim at trial.[5]

---

[2] See OCGA § 51-12-5.1 (f).

[3] Although the Court of Appeals held that Aldworth failed to raise an issue regarding the jury's finding of a specific intent to cause harm in its motion for new trial, our review of the transcript of the hearing on the motion for new trial shows that Aldworth did raise this issue.

[4] OCGA § 9-11-50 (a) provides, among other things, that a motion for directed verdict must state "the specific grounds" for the motion, and that "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50 (b) provides that only a party who has filed a motion for directed verdict has the right to contest an adverse verdict by filing a motion for judgment notwithstanding the verdict.

[5] See, e.g., *Johnson v. Hensel Phelps Constr. Co.*, 250 Ga. 83, 84-85 (295 SE2d 841) (1982) (because Hensel Phelps did not move for directed verdict based on statutory employer defense

On the other hand, OCGA § 5-6-36 (a) provides that "[t]he entry of judgment on a verdict by the trial court constitutes an adjudication by the trial court as to the sufficiency of the evidence to sustain the verdict, affording a basis for review on appeal without further ruling by the trial court." Relying on this provision, this Court and our Court of Appeals have held that a party may contend on appeal that the evidence is insufficient to support a verdict even if the party failed to move for a directed verdict or new trial in the trial court.[6] These cases, however, have not specifically addressed whether, if the appellant prevails on his contention that the evidence is insufficient to support the verdict under OCGA § 5-6-36 (a), she is entitled to a judgment as a matter of law or is only entitled to a new trial. For the reasons that follow, we conclude that OCGA § 5-6-36 (a) should be interpreted to permit a party to obtain only a new trial on appeal if she prevails on a claim that the evidence was insufficient to sustain the verdict, but failed to move for a directed verdict on that ground at trial.

First, if OCGA § 5-6-36 (a) is interpreted to mean that a party who did not move for a directed verdict at trial is entitled to a judgment as a matter of law if she prevails on her claim on appeal that the evidence is insufficient to support the verdict, then it will conflict with the cases discussed above, based on OCGA § 9-11-50, that hold that a party must move for a directed verdict in order for a party to contend on appeal that he was entitled to a judgment as a matter of law.[7]

Moreover, OCGA § 5-6-36 (b) supports the position that a motion for a directed verdict is a prerequisite for contending on appeal that a party is entitled to a judgment as a matter of law based on the insufficiency of the evidence. That Code section provides that a judgment notwithstanding the verdict ("j.n.o.v.") is not a "condition precedent to review upon appeal of an order or ruling of the trial court

---

at trial, it could not raise that issue when appealing the denial of its motion for directed verdict); *SEC, Inc. v. Puckett*, 252 Ga. App. 422, 426 (555 SE2d 198) (2001) (failure to move for directed verdict on conversion claim bars contention that trial court erred by denying motion for directed verdict on that claim); *Bell v. Owens*, 230 Ga. App. 826, 828 (497 SE2d 591) (1998) (because appellant failed to obtain ruling on his motion for directed verdict on punitive damages, he was barred from contending on appeal that trial court erred in denying his motion for directed verdict); *Adams v. Smith*, 129 Ga. App. 850, 853-854 (201 SE2d 639) (1973) (failure to move for directed verdict on plaintiff's negligence action on ground that parties were engaged in illegal enterprise at time of the plaintiff's injuries bars the appellant from contending that he was entitled to a directed verdict on that ground).

[6] *Jeffries v. State*, 272 Ga. 510, 513 (530 SE2d 714) (2000); *Dept. of Transp. v. Claussen Paving Co.*, 246 Ga. 807, 809-810 (273 SE2d 161) (1980); *Gilman Paper Co. v. James*, 235 Ga. 348, 350 (219 SE2d 447) (1975); *Pep Boys – Manny, Moe & Jack, Inc. v. Yahyapour*, 279 Ga. App. 674, 674 (632 SE2d 385) (2006); *California Fed. S & L Assn. v. Hudson*, 185 Ga. App. 384, 386-387 (364 SE2d 582) (1987); *Lansford v. Gatliff*, 119 Ga. App. 145, 145 (166 SE2d 639) (1969); *St. Paul Fire & Marine Ins. Co. v. Postell*, 113 Ga. App. 862, 864-865 (149 SE2d 864) (1966).

[7] See cases cited at footnote 5, supra.

overruling a motion for directed verdict."[8] By stating that a motion for j.n.o.v. is not a condition precedent to contending that a trial court erred in denying a motion for directed verdict, OCGA § 5-6-35 (b) implies that a party must at least make a motion for a directed verdict in the trial court to contend on appeal that he was entitled to such a verdict. Moreover, because the essence of a motion for directed verdict is that there is insufficient evidence as a matter of law for a jury to find for a party's opponent,[9] OCGA § 5-6-36 (b) supports the proposition that a party is not entitled to judgment as a matter of law on appellate review of the sufficiency of the evidence unless that party moved for a directed verdict on that basis.

In addition, that proposition is consistent with this Court's decision in *Ross v. Lowery*.[10] In *Ross*, Ross failed to move for a directed verdict on his claim that he had acquired title to certain land by adverse possession. Although this Court's review of the evidence showed that the evidence demanded a finding in Ross's favor, we held that, because Ross did not move for a directed verdict on his claim of title, we could not hold "as a matter of law that Ross established prescriptive title."[11] We held, however, that Ross was entitled to a new trial on this claim.[12]

Further, some federal courts have held that, if a party fails to move for a judgment as a matter of law,[13] the appellate court may not grant that party a judgment as a matter of law, but may nevertheless grant the party a new trial if it concludes on review that there is no evidence supporting the verdict.[14] This standard of review is consistent with the standard applied by this Court in determining whether a trial court erred in denying a motion for new trial.[15]

---

[8] OCGA § 5-6-36 (b). Accord *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 271 (329 SE2d 900) (1985) ("Appellate review of the denial of a motion for directed verdict is appropriate even where no motion for judgment n.o.v. has been filed.").

[9] Gregory, Georgia Civil Practice § 6-17, p. 520 (2d ed. 1997).

[10] 249 Ga. 307 (290 SE2d 61) (1982).

[11] Id. at 308.

[12] Id. Accord *Professional Consulting Svcs. of Ga. v. Ibrahim*, 206 Ga. App. 663, 665 (426 SE2d 376) (1992) (the court held that the appellant did not move for directed verdict on issue of attorney fees and therefore could not contend on appeal that it was entitled to a directed verdict on the issue, but the court also reviewed the appellant's contention that it was entitled to a new trial on the issue of attorney fees and remanded for a new trial on the issue).

[13] A motion for judgment as a matter of law is the equivalent of this State's motion for a directed verdict under OCGA § 9-11-50 (a).

[14] See 9A Wright & Miller, Federal Practice and Procedure § 2539, p. 362; *Della Grotta v. Rhode Island*, 781 F2d 343, 350-351 (1st Cir. 1986); *Simon v. Navon*, 71 F3d 9, 13 (1st Cir. 1995); *Pulla v. Amoco Oil Co.*, 72 F3d 648, 655-657 (8th Cir. 1995); *Whitehead v. Food Max of Miss., Inc.*, 163 F3d 265, 271 (5th Cir. 1998).

[15] "In reviewing a trial court's denial of a motion for new trial on the ground there was no evidence to support the verdict, this Court examines the record to determine whether there is

Finally, fairness dictates that a party who has failed to move for a directed verdict at trial should not be able to obtain a judgment as a matter of law on appeal based on the contention the evidence is insufficient to support the verdict. For example, if a defendant moves for a directed verdict at trial, the trial court may, in its discretion, permit the plaintiff to reopen her case,[16] thus giving the plaintiff an opportunity to correct any deficiencies in her evidence, and possibly preventing the defendant from obtaining a judgment as a matter of law. If the defendant can wait until appeal to point out the deficiencies in the plaintiff's evidence and obtain a judgment as a matter of law based on those deficiencies, the plaintiff has forever lost any chance to correct those deficiencies.[17] On the other hand, if the defendant can only obtain a new trial on appeal, the plaintiff will still have an opportunity to address the problems with her case on remand.

Consistent with the foregoing authority, we hold that the Court of Appeals properly ruled that Aldworth and Keystone were barred from contending on appeal that they are entitled to a directed verdict in their favor, but that the Court erred by refusing to review the sufficiency of the evidence under the "any evidence" standard of review[18] to determine if Aldworth and Keystone were entitled to a new trial on certain claims.[19]

Accordingly, we remand the case to the Court of Appeals for proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

*Mozley, Finlayson & Loggins, Carroll G. Jester, Jr., Marvin A. Riddle, Lawrence B. Domenico, Jessica B. Couch*, for Aldworth Company, Inc.

---

any evidence to support the verdict." *Maddox v. Maddox*, 278 Ga. 606, 607 (604 SE2d 784) (2004).

[16] See *Able-Craft, Inc. v. Bradshaw*, 167 Ga. App. 725, 726-727 (307 SE2d 671) (1983) (after the defendant moves for a directed verdict, the trial court has the discretion to permit the plaintiff to reopen her case and offer additional evidence).

[17] See 9 Moore's Federal Practice § 50.02[3], p. 50-14 (3d ed.) (motions for directed verdict "provide notice to the trial court and to opposing counsel of any deficiencies in the opposing party's case before it reaches the jury, while deficiencies still may be corrected.").

[18] *Maddox*, 278 Ga. at 607.

[19] To the extent the Court of Appeals's decision can be read to hold that Keystone's failure to challenge the form of the verdict waived its right to contest the sufficiency of the evidence on appeal by challenging the denial of its motion for new trial, *Aldworth*, 276 Ga. App. at 38, we reverse the Court of Appeals's decision. The Court of Appeals cited no authority for this proposition, and it is contrary to the authority discussed in this opinion.

*Mabry & McClelland, Robert M. Darroch, Samantha R. Johnson,* for Keystone Freight Corporation.

*Carlock, Copeland, Semler & Stair, Wayne K. McGrew III, Kam & Ebersbach, Randy J. Ebersbach, Julie B. Williams,* for England et al.

*Cruser & Mitchell, Joseph R. Cruser,* amicus curiae.