A08A0775. MARTIN v. STATE OF GEORGIA.

(663 SE2d 307)

ANDREWS, Judge.

James Martin appeals following a bench trial in this civil forfeiture action. Martin claims that he is the owner of a 1997 Mercedes-Benz and 2000 Porsche Boxster seized from his nephew Clarence Martin, Jr. (Martin, Jr.) after Martin, Jr. was arrested for drug violations. Because James Martin has not shown that he is an "innocent owner" under OCGA § 16-13-49 (e) (1) (A), we affirm.

Construed to support the judgment,[1] the evidence at the forfeiture hearing was that the State filed a complaint pursuant to OCGA § 16-13-49 seeking forfeiture of the two cars, among other things, as part of the drug arrest of Martin, Jr. Martin, Jr. later pled guilty in federal court to possession of methamphetamine with intent to distribute. Martin, Jr. made no claim to the cars.

The agent in charge testified that the Mercedes had been used during several of the controlled drug buys. He also testified that both cars were registered to Martin, Jr.; Martin, Jr. had been seen driving both cars; while officers were executing the search warrant, Martin, Jr. drove up in the Mercedes; and when Martin, Jr. was arrested, the keys to the Porsche were in his briefcase.

The trial court found that there had been a prima facie case made under OCGA § 16-13-49 that the seizure of the cars was valid. At that point, James Martin was required to put up evidence showing that he was actually the innocent owner of the cars. See *Little v. State of Ga.*, 279 Ga. App. 329, 330 (630 SE2d 903) (2006) ("In a condemnation action, once the State has presented a prima facie case for forfeiture, a claimant asserting that he is an innocent owner of the subject property bears the burden of proving such status by a preponderance of the evidence.").

James Martin's brother Clarence Martin, Sr., Martin, Jr.'s father, testified that Martin, Jr. had borrowed money from him for gambling debts. Martin, Sr. said that he finally stopped lending him money and Martin, Jr. went to his uncle James Martin and tried to borrow money from him. Martin, Sr. said he would give James Martin the money to lend to Martin, Jr. in the hope that Martin, Jr. would pay back his uncle. Martin, Sr. said that Martin, Jr. never paid him back any of the money he loaned him. After Martin, Jr. made several requests for money from his uncle, Martin, Sr. told his brother "[y]ou need to get title to his car." Martin, Sr. said that Martin, Jr. then wrote out two bills of sale for the cars to his uncle.

Martin, Sr. could not explain why his son did not sell one of the cars if he needed money, nor could he explain why his son was borrowing from his uncle when he had an uncashed cashier's check for $174,000 in his possession when he was arrested. Martin, Sr. could not produce any checks showing that he gave $25,000 to his brother to lend to Martin, Jr.

James Martin testified that he and Martin, Jr. went to a woman in Phenix City, Alabama and filled out bills of sale for the two cars. The woman was to apply for titles to the two cars in James Martin's name. James Martin introduced into evidence bills of sale for the

---

[1] See, e.g., *Davis v. State of Ga.*, 256 Ga. App. 299 (568 SE2d 161) (2002).

Porsche and Mercedes dated November 10, 2004. He also introduced titles in his name for the two cars, dated March 24, 2005, and May 20, 2005.[2] James Martin testified that he had no knowledge of Martin, Jr.'s drug activity.

The forfeiture analyst for the narcotics task force testified that when she ran the registration and vehicle indentification numbers for the cars, they both came back as belonging to Martin, Jr. She also stated that it took from four to six weeks to receive a title from the State of Alabama.

At the conclusion of the hearing, the trial court found that there was no evidence of any loans from either the father or the uncle to Martin, Jr. and concluded that James Martin was a "straw man" set up to hold the cars and prevent their seizure. The Court concluded that James Martin had not shown by a preponderance of the evidence that he was an innocent owner. This appeal followed.

> In rendering judgment on a complaint for forfeiture, the trial court is required to make mixed findings of fact and law, which this Court must accept unless they are clearly erroneous. We defer to the trial court's judgment as to witness credibility and will affirm the trial court's findings if there is any evidence supporting them.

(Citations omitted.) *Little v. State of Ga.*, supra at 330.

1. James Martin claims that it was error for the court to find that he was not an innocent owner under OCGA § 16-13-49 (e). The innocent owner provision of the forfeiture statute, OCGA § 16-13-49 (e) (1) provides:

> (e) (1) A property interest shall not be subject to forfeiture under this Code section if the owner of such interest or interest holder establishes that the owner or interest holder:
>
> (A) Is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur;
>
> (B) Had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture other than as an interest holder in an arm's length commercial transaction;

---

[2] Clarence Martin, Jr. was arrested on February 25, 2005.

(C) With respect to conveyances for transportation only, did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture;

(D) Does not hold the property for the benefit of or as nominee for any person whose conduct gave rise to its forfeiture, and, if the owner or interest holder acquired the interest through any such person, the owner or interest holder acquired it as a bona fide purchaser for value without knowingly taking part in an illegal transaction; and

(E) Acquired the interest:

(i) Before the completion of the conduct giving rise to its forfeiture, and the person whose conduct gave rise to its forfeiture did not have the authority to convey the interest to a bona fide purchaser for value at the time of the conduct; or

(ii) After the completion of the conduct giving rise to its forfeiture:

(I) As a bona fide purchaser for value without knowingly taking part in an illegal transaction;

(II) Before the filing of a lien on it and before the effective date of a notice of pending forfeiture relating to it and without notice of its seizure for forfeiture under this article; and

(III) At the time the interest was acquired, was reasonably without cause to believe that the property was subject to forfeiture or likely to become subject to forfeiture under this article.

There was sufficient evidence for the trial court to find that James Martin was not an innocent owner under the above Code section. There was evidence that he did not acquire his interest in the cars before February 25, 2005, the date Martin, Jr. was arrested. Also, as the State points out, even if James Martin held an interest in the cars before Martin, Jr.'s arrest, he cannot show that he did not hold the cars for the benefit of Martin, Jr. The evidence was undisputed that at the time of the seizure, Martin, Jr. had the benefit of both vehicles, they were in his possession, and he was driving them up until the time of his arrest.

Accordingly, we find there is evidence to support the trial court's judgment. See *Mitchell v. State of Ga.*, 236 Ga. App. 335, 337 (511 SE2d 880) (1999) (affirming trial court's holding that car actually belonged to defendant not his girlfriend who was being used as a "straw man" in order to avoid loss of the car).

2. James Martin also claims there was no evidence showing that the Porsche was bought with proceeds from drug sales. However, he

never raised this issue in the trial court and therefore we cannot address it on appeal. See *Kaiser v. State*, 285 Ga. App. 63, 69 (646 SE2d 84) (2007) ("Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court.") (punctuation omitted).

*Judgment affirmed. Ruffin, P. J., concurs. Bernes, J., concurs in Division 1 and in the judgment, and concurs specially in Division 2.*

BERNES, Judge, concurring specially.

While I fully concur with Division 1 and the judgment, I do not agree with the reasoning of Division 2. The majority in Division 2 holds that appellant waived his argument that the state presented insufficient evidence that the Porsche was bought with proceeds from drug sales by never raising the issue in the forfeiture proceeding. In a civil proceeding such as a forfeiture action,[3] the failure to object on sufficiency grounds in the court below does bar an appellant from arguing on appeal that he was entitled to judgment as a matter of law. *Internal Medicine Alliance v. Budell*, 290 Ga. App. 231, 238 (5), n. 4 (659 SE2d 668) (2008). Significantly, however, the failure to object does not bar an appellant from arguing on appeal that he is entitled to a new trial based on insufficient evidence. Id. See *Aldworth Co. v. England*, 281 Ga. 197, 197-198 (637 SE2d 198) (2006). As such, I disagree with the majority's conclusion that appellant procedurally waived his sufficiency challenge by not raising the issue in the court below. Nevertheless, I agree with the ultimate result in this case because there was sufficient evidence that appellant had no ownership interest in the car, and once this determination was made, he had no standing to raise any further challenge. See, e.g., *Baker v. State of Ga.*, 269 Ga. App. 722, 725 (605 SE2d 126) (2004) ("[I]n the absence of a legally sufficient claim, the owner or interest holder lacks standing to assert — and the trial court lacks authority to consider — the owner or interest holder's challenges to the forfeiture."); *State of Ga. v. Richardson*, 276 Ga. App. 784 (625 SE2d 52) (2005) (claimants lacked standing to contest the forfeiture of the currency because they failed to meet their burden of establishing an ownership interest in the seized currency).

DECIDED JUNE 16, 2008.

*Robert G. Jones III*, for appellant.

---

[3] See *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997) ("A forfeiture action is a civil proceeding.") (citation, punctuation and emphasis omitted).

*J. Gray Conger, District Attorney, David R. Helmick, Assistant District Attorney, Douglas L. Breault,* for appellee.