## S12A0182. SMALL v. IRVING et al.

(729 SE2d 323)

HUNSTEIN, Presiding Justice.

Appellant Leonard Small commenced an action in the trial court seeking ejectment and mesne profits after learning that appellee Alphonso Irving had built a home on a lot located at 4110 Raybun Street in Savannah, which Small had purchased at a tax sale. A special master was appointed and issued an order adopted by the trial court, recommending that Small recover the premises and pay Irving for the value of the improvements. Finding that the trial court erred in adopting the special master's conclusion that Small could not recover mesne profits and in failing to provide for the election of remedies contemplated by OCGA § 44-11-9, we affirm in part, reverse in part, and remand with direction.

The record shows that Grace Cobbs previously held the property under a 1959 warranty deed. The property was sold at a tax sale in 1991 to Shannon and Tresa Holman and sold again at a tax sale in 2002 to Small. In March 2005, Irving obtained a building permit and began construction of a home on the property. Irving owned a different lot in the vicinity and contends that he saw a "for sale" sign at 4110 Raybun Street at the time he bought his property, thought he was purchasing that lot, and believed that he owned it when he commenced construction on it. Irving rented the house he built to his sister. After Small received his 2005 tax assessment in November 2006, he discovered the new house.

In April 2007, Small filed a complaint for ejectment and mesne profits against Irving and his sister. On July 20, 2007, Irving obtained a quitclaim deed from the Holmans under which they conveyed their interest in the property to him. Irving then filed an answer and counterclaim in which he tendered a sum of money as a purported redemption. Irving subsequently added counterclaims for equitable title to the property and to recover the value of improvements. On November 29, 2007, Small obtained a quitclaim deed from Cobbs' sole heir under which the heir conveyed his interest in the property to Small.

After Small and Irving filed cross-motions for summary judgment, a special master was appointed with the parties' consent "to hear and determine all issues of law and fact presented by the pleadings." The special master held an unrecorded hearing on June 10, 2008. The record was held open for 30 days to allow the parties to submit additional evidence. In October 2008, Small served a notice of foreclosure of the right of redemption.

In his final report dated May 29, 2009, the special master found that title to the property was vested in Small under a 2002 sheriff's

deed for unpaid taxes and the quitclaim deed from Cobbs' heir and that Irving's tender in his counterclaim was insufficient to redeem the property. The special master also found, however, that Irving "had bona fide possession of the land under adverse claim of title" and placed improvements on the property in good faith. The special master concluded that Small was entitled to (1) recover the premises subject to paying Irving the excess of the value of the improvements over the mesne profits or (2) receive from Irving the value of the land and the mesne profits. But the special master went on to find that Small was not entitled to mesne profits because he held only a tax title to the property. Thus, the special master found that Small was entitled either to recover the premises by paying Irving $60,000 or to receive the value of the land from Irving, determined by the tax records to be $16,000, plus the redemption amount of $9,442.20.

The special master sent his final report to the parties and gave Small 30 days to make an election of remedies. Small made no election, however, and instead filed exceptions to the report. Thus, the special master recommended that Small have title to the property and that Irving receive a judgment in his favor for the value of the improvements. Small filed a voluntary dismissal on June 8, 2009; however, the trial court subsequently granted Irving's motion to re-open the case as to his counterclaims. The trial court adopted the special master's report and issued an order providing that Small holds fee simple title to the property and entered a judgment in Irving's favor in the amount of $60,000.

1. Small contends that the evidence fails to support the special master's finding that Irving placed improvements on the property in good faith within the meaning of OCGA § 44-11-9 (a), which provides that a defendant in ejectment who is in "bona fide possession of the land under adverse claim of title may set off the value of all permanent improvements placed on the land in good faith," and that "if the value of such improvements at the time of the trial exceeds the mesne profits, the jury may render a verdict in favor of the plaintiff for the land and in favor of the defendant for the amount of the excess of the value of the improvements over the mesne profits." Whether a defendant has placed improvements on land in good faith is an issue for the trier of fact. *Gay v. Strain*, 261 Ga. App. 708 (3) (583 SE2d 529) (2003); see also *Claxton v. Claxton*, 214 Ga. 715 (2) (107 SE2d 320) (1959) (trial court should have instructed jury on the principles of statute given conflicting evidence regarding defendants' good faith). The hearing before the special master was not transcribed, and without a transcript of that proceeding, we must presume that the special master's finding that Irving acted in good faith is supported by the evidence. See *Goodson v. Ford*, 290 Ga. 662 (2) (725 SE2d 229)

(2012); *Tavakolian v. Scott*, 282 Ga. 578, 579 (652 SE2d 542) (2007).[1] Therefore, we conclude that the trial court did not err in accepting the special master's finding on this issue.

2. Small next argues that the special master could not correctly conclude that Irving was in "bona fide possession of the land under adverse claim of title," maintaining that Irving did not have color of title, such as a deed purporting to convey the property, at the time he began construction. An adverse claim of title under OCGA § 44-11-9 (a) "is the entry upon and the occupancy of land by one with the intent to hold it as his own against the world, irrespective of any color of right or title as a foundation for his claim. Color of title is not synonymous with claim of title." (Citation omitted.) *Walton v. Sikes*, 165 Ga. 422, 425 (1) (141 SE 188) (1928). Irving did not need color of title to establish his bona fide possession of the property or an adverse claim of title. Id. at 425 (1), 428 (3).

Alternatively, Small argues that Irving cannot establish adverse possession for 20 years under OCGA § 44-5-163. While "adverse possession which, if continued for a period of twenty years or longer, would ripen into a title by prescription" is sufficient to establish bona fide possession of property under adverse claim of title, *Walton*, supra, 165 Ga. at 425 (1), a defendant's right to recover the value of improvements is not contingent on adverse possession for a specific period of time.

3. Small contends that the special master erred in concluding that he could not recover mesne profits because he held only a tax title to the property.

A plaintiff in an ejectment action may seek recovery of mesne profits, such as rental income from the land. OCGA § 44-11-7 (a); 2 Pindar's Ga. Real Estate Law & Procedure § 23-134 (6th ed. 2004). If the plaintiff is entitled to recover the land at issue, the plaintiff also has a right to recover mesne profits for the period of time that possession of the land was wrongfully withheld by the defendant. *Marshall v. Pierce*, 136 Ga. 543 (71 SE 893) (1911). The special master therefore erred in concluding that Small was entitled to recover the property but had no right to recover mesne profits.

Based on the special master's factual findings, Irving's wrongful possession began when Small obtained a quitclaim deed from Cobbs'

---

[1] Small asserts in his brief that no evidence or testimony was presented at the hearing before the special master and that the parties agreed that the special master would base his decision on briefs to be submitted within 30 days. The special master's report contradicts Small's assertion, stating that both parties presented evidence at the hearing. Moreover, no post-hearing briefs are included in the record on appeal.

heir on November 29, 2007.[2] Until that time, Small had no interest in the property apart from a tax title, which gave him "an inchoate or defeasible title subject to the right of redemption." *BX Corp. v. Hickory Hill 1185*, 285 Ga. 5, 7 (673 SE2d 205) (2009); see also OCGA §§ 48-4-40 — 48-4-48 (redemption of property sold for taxes). As the special master correctly found, such title did not entitle Small to possession or to rents, issues, or profits during the time period allowed for redemption. See *Brown Investment Group, LLC v. Mayor &c. of Savannah*, 289 Ga. 67, 68 (709 SE2d 214) (2011). It is the owner of the property sold at the tax sale who is entitled to rent or possession during that time. Id. at 69.

Until Small obtained the conveyance from Cobbs' heir, Cobbs or her successor-in-interest remained the owner of the property notwithstanding that tax title to the property passed to the Holmans and then to Small because only Cobbs or her successor could obtain fee simple title by exercising the right to redeem the property from the tax sales. The effect of redemption is "to extinguish the tax sale, leaving the title as before the sale in the defendant in fi. fa., subject to all existing liens and interests of others as against the defendant in fi. fa." *Crump v. McEntire*, 190 Ga. 684, 686 (10 SE2d 186) (1940); see OCGA § 48-4-43. The extinguishment of the tax sale to Small would have restored the Holmans' tax title, which would be held by Irving under the Holmans' quitclaim deed to him, and the extinguishment of the tax sale to the Holmans would have restored the fee simple title held by Cobbs or her heir. When Cobbs' heir transferred his interest in the property to Small, Small acquired the heir's right of redemption and became the owner of the property. The special master should have acknowledged Small's right to recover mesne profits as of the date of the quitclaim deed from Cobbs' heir.[3] Accordingly, we reverse the trial court's order insofar as it adopted the special master's conclusion that Small was not entitled to mesne profits and remand for consideration of evidence as to the amount of mesne profits to which Small may be entitled.

4. Finally, Small maintains that he should not have been required to elect his remedy until after the trial court entered its final judgment.

---

[2] In view of our conclusion in this regard, we need not determine whether, as Small contends, he obtained the right to recover mesne profits by successfully foreclosing the right of redemption in or around October 2008.

[3] Contrary to Small's contention, the quitclaim deed from Cobbs' heir does not entitle him to recover mesne profits beginning in 2005. See *Patellis v. Tanner*, 199 Ga. 304 (3) (34 SE2d 84) (1945) (plaintiff not entitled to recover mesne profits for period of time before she acquired title).

Under OCGA § 44-11-9 (b), in the event a verdict in an ejectment action is rendered in favor of the plaintiff for the land and in favor of the defendant for the amount by which the value of improvements exceed mesne profits,

> [t]he verdict . . . shall find the value of the land itself at the time of the trial. Such verdict shall give the plaintiff the right:
>> (1) To have and recover the premises subject to the payment to the defendant of the excess of the value of the improvements over the mesne profits, such payment to be made by the plaintiff to the defendant within such time as may be fixed by the court in the decree; or
>> (2) To receive from the defendant the value of the land and the mesne profits found by the jury to be due to the plaintiff, such payment to be made by the defendant to the plaintiff within such time as the court may direct by its decree.
> In the event that the plaintiff fails to make the payment pursuant to paragraph (1) of this subsection within the time allowed in the decree, the defendant shall have the right to pay to the plaintiff the value of the land and the mesne profits in accordance with paragraph (2) of this subsection.

The trial court also has authority "to have the premises sold by a commissioner appointed by the court and the proceeds of such sale divided between the plaintiff and the defendant in the ratio or proportion that the value of the land itself bears to the amount of the excess of value of improvements over the mesne profits." OCGA § 44-11-9 (c).

The statute does not provide for the plaintiff to make an election "until after the verdict is rendered and the decree of the court has been entered." *Acme Brewing Co. v. Central R. & Banking Co. of Ga.*, 115 Ga. 494, 507 (13) (42 SE 8) (1902). By adopting the recommendation of the special master that title be vested in Small and that Irving have a judgment against Small in the amount of $60,000, the trial court deprived Small of his statutory right to elect to recover the property within a period of time to be fixed by the trial court's decree. See *Archer v. Newkirk*, 167 Ga. App. 54, 55 (2) (306 SE2d 52) (1983) (trial court's verdict vesting title to land in appellant and awarding money judgment for improvements to appellee "never gave appellant

the right to choose his remedy, as is statutorily required"). Further, OCGA § 44-11-9 does not contemplate that, if the plaintiff fails to make an election to recover the property, the trial court may then compel the plaintiff to do so. Instead, at that point, a right of election passes to the defendant to decide whether to obtain title to the land by paying the plaintiff the value of the land and mesne profits. See *Bridges v. Henry*, 210 Ga. 415, 418 (80 SE2d 173) (1954). Should neither party exercise the right to recover the property, the trial court is authorized to order the sale of the land and an appropriate division of the proceeds.

We reverse the portion of the trial court's order vesting title in Small and awarding a judgment in Irving's favor in the amount of $60,000 and remand for entry of a judgment conforming to OCGA § 44-11-9.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED JULY 2, 2012.

Leonard Small, *pro se.*
Alphonso Irving, *pro se.*
Tera Holmes, *pro se.*